IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Isabella Donaldson, Personally and as Guardian for her Minor Child, | C/A No. 6:20-cv-01565-DCC |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| Walmart Stores, Inc.; Shawn Rice; and Claims Management, Inc., | |
| Defendants. | |

This matter comes before the Court on Defendants' [5] Motion to Strike, Plaintiff's [8] Motion to Remand, and Plaintiff's [24] Motion to Amend. The Motions have been fully briefed and are ripe for review.

## BACKGROUND

Plaintiff initiated this action in the Court of Common Pleas for Laurens County, South Carolina, alleging that her minor child cut herself after touching a pair of shoes that had "a razor blade stuck in the tongue of one of the shoes." ECF No. 1-2 at 2–3. Plaintiff claims that Defendant Walmart Stores, Inc. ("Walmart") and Defendant Shawn Rice, the manager of Defendant Walmart's Laurens, South Carolina location, "had actual knowledge that customers had found razor blades in items for sale." *Id.* at 3. Plaintiff further alleges that Defendant Claims Management, Inc. ("CMI"), Defendant Walmart's claims adjuster, "did not thoroughly investigate and evaluate [Plaintiff's] claim." *Id.* Based on these allegations, Plaintiff filed a Complaint with three causes of action: (1) negligence

1

and gross negligence; (2) negligent hiring, supervision, and retention; and (3) violation of the South Carolina Unfair Trade Practices Act. *Id.* at 4–6.

Defendants filed a Notice of Removal, claiming that "this suit is removable because there is complete diversity of citizenship between the Plaintiff and Defendants." ECF No. 1 at 2. Specifically, Defendants contend that Plaintiff is a citizen and resident of South Carolina and that the only South Carolina Defendant—Defendant Rice—was fraudulently joined as an in-state defendant. *Id.* The Notice of Removal states that "Defendant Rice was not employed at the subject store at the time of the alleged incident," and "did not maintain any substantial level of control over the premises on the date of the incident because she was not employed by the store at that time." *Id.* at 3 (citations omitted). In support of this contention, Defendants attached the Affidavit of Lashawndra Rivers—the current Store Manager for the Laurens, South Carolina Walmart. Ms. Rivers' Affidavit states: (1) she began working with Walmart Stores East, LP on or about November 30, 2002; (2) she began working as the Store Manager for the Laurens, South Carolina Walmart on February 1, 2020; (3) there is no such person by the name of Shawn Rice currently employed at the Laurens, South Carolina Walmart; (4) during her brief time as Store Manager, there has never been a Shawn Rice employed by the Laurens, South Carolina Walmart; and (5) she was not the Store Manager at the time of the incident described in the Complaint. ECF No. 1-1.

After filing their Notice of Removal, Defendants filed a Motion to Strike, contending that "Plaintiff's Complaint sets forth allegations that are immaterial to the causes of action and/or that are impertinent or scandalous in nature." ECF No. 5 at 1. Plaintiff filed a

Response in Opposition. ECF No. ECF No. 13. Additionally, Plaintiff filed a Motion to Remand, contending that Defendants misrepresented the identity of the Store Manager on the day of the incident and now seek "to benefit from [their] misrepresentations." ECF No. 8 at 3. Defendants filed a Response in Opposition, and Plaintiff filed a Reply. ECF Nos. 16, 20. Finally, in order to remedy the issue of who the proper Store Manager was at the time of the incident, Plaintiff filed a Motion to Amend her Complaint. ECF No. 24. Defendants filed a Response in Opposition, and Plaintiff filed a Reply. ECF Nos. 25, 27. The Court now turns to the applicable legal standards and the merits of the motions. Given the threshold jurisdictional issue, the Court will turn first to the Motion to Remand prior to addressing the Motion to Amend and Motion to Strike.

## **LEGAL STANDARD**

### I. Motion to Remand for Fraudulent Joinder

Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when they have been given the authority to do so by the Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F. 3d 347, 352 (1998). The right to remove a case to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The fraudulent joinder doctrine will permit a defendant to remove a case to federal court despite the presence of another non-diverse defendant. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).  "To establish fraudulent joinder, the removing party must show either: (1) outright fraud in the plaintiff's pleading of jurisdictional facts, or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court."  *Toney v. LaSalle Bank Nat. Ass'n*, 36 F. Supp. 3d 657, 663 (D.S.C. 2014) (citing *Benjamin v. Wal-Mart Stores, Inc.*, 413 F. Supp. 2d 652, 654 (D.S.C. 2006)).  "The second means for establishing fraudulent joinder is even more favorable to a plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Id.* (citing *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)).  "A plaintiff does not have to show he will prevail against the defendant."  *Id.*  "He must only show that he has a slight possibility of succeeding."  *Id.* (citing *Hartley*, 187 F.3d at 426).  If the plaintiff can show this glimmer of hope, the defendant is properly joined."  *Id.*  Indeed, "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction."  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citation omitted).  "If federal jurisdiction is doubtful, a remand is necessary."  *Id.*

## II. Motion to Amend

"A party may amend its pleading once as a matter of course within: **(A)** 21 days after serving it, or **(B)** if the pleading is one to which a responsible pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the

4

court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Fourth Circuit has announced a "policy to liberally allow amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010) (citation omitted). "Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile—that is if the proposed amended complaint fails to satisfy the requirements of the federal rules. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quotation and citations omitted).

### III. Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" either on its own or on motion made by a part "before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed. 1990).

## ANALYSIS

### I. Motion to Remand for Fraudulent Joinder

Initially, the Court notes that, based on the correspondence the parties have submitted as attachments as well as the correspondence the parties have copied the Court on, counsel are not working professionally with one another in this case. *See, e.g.,* ECF No. 8; *see also* ECF No. 8-1. Regardless of counsel's positions on the merits of the

5

case, they need to endeavor to work civilly even when they disagree.  Although the Court is not privy to the private conversations between counsel in this case, it appears there was some correspondence on April 24, 2020 between counsel wherein Plaintiff's counsel offered to substitute the correct Store Manager as a Defendant.  *See* ECF No. 8-1.  In response, Defendants' counsel declined to provide the name of the Store Manager at the time of the incident.  There is nothing legally wrong with Defendants' position, as Plaintiff could (and it seems, did) request that information through discovery.  What is puzzling to the Court is Plaintiff's counsel's repeated assertions that they "have actual evidence that the store manager is liable in this case." ECF No. 8-1 at 1.  It is perplexing that Plaintiff's counsel claims to have actual evidence that the Store Manager was on notice of the razor blade while also claiming to not know the identity of the Store Manager.

Nonetheless, regardless of how we got to this point, at this juncture in the litigation, all parties seem to agree that Defendant Shawn Rice was not the Store Manager on the day of the incident that gave rise to this lawsuit.  Indeed, after the Motion to Remand was fully briefed, the Court held a telephonic Rule 16 conference with the parties to discuss the case.  Counsel raised the issue of whether Defendant Rice was properly identified, and the Court directed the parties to discuss that issue. Additionally, the Court suggested two potential alternatives: (1) Plaintiff could seek to amend her Complaint to name a John Doe Defendant; or (2) Defendants could provide the name of the Store Manager to Plaintiff, and she could then seek to amend her Complaint to name the proper Store Manager.  It appears from the filings that Defendants' counsel has now provided Plaintiff's counsel with the name of the Store Manager—Russell Sporysz.  ECF No. 24 at 2.  In light of this and Plaintiff's filing of a Motion to Amend, the Court concludes that the case was

6

properly removable at the time of filing because Shawn Rice was not the Store Manager. Accordingly, Plaintiff's Motion to Remand, ECF No. 8, is DENIED.

## II. Motion to Amend

Federal Rule of Civil Procedure 15(a) requires that the Court liberally grant leave to amend. However, leave need not be granted when an amendment would be futile. Plaintiff has not submitted a Proposed Amended Complaint for the Court to review, which makes the Court's task impossible. The analysis of the propriety in this case turns both on the liberal language of Rule 15(a) and the discretionary language of 28 U.S.C. § 1447(e), which states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The latter's statutory language acknowledges the opportunity for gamesmanship that savvy plaintiffs may take advantage of. To illustrate the point, 28 U.S.C. § 1441(b)(1) states: "In determining whether a civil action is removable on the basis of the jurisdiction under [28 U.S.C. § 1332], the citizenship of defendants sued under fictitious names shall be disregarded." Essentially, Plaintiff is asking the Court to ignore that statutory mandate by continuing to pursue her Motion to Remand. Before granting Plaintiff leave to amend her case and joining a party whose identity the Plaintiff did not know at the time of removal, the Court must evaluate the propriety of joinder in this case.

In short, while Plaintiff has repeatedly stated that she has actual evidence of the Store Manager's personal liability, she was not able to identify the name of the Store Manager without Defendants disclosing that information. Perhaps Plaintiff has reams of evidence against the Store Manager, or perhaps pleading that the Store Manager knew

7

that there were razor blades in shoes "for several weeks before the minor child was injured," ECF No. 1-2 at 3, was a strategic ploy to keep the case in state court. This Court may never know, but it must uphold its statutory responsibility to fully and fairly evaluate whether Defendants' continued invocation of the jurisdiction of the federal courts is justified.

To that end, the Court must consider a variety of factors in evaluating whether joinder of a non-diverse party is proper, "including: the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) (quotation and citations omitted). Additionally, the Fourth Circuit has noted that "the fraudulent joinder doctrine can be yet another element of the district court's flexible, broad discretionary approach to resolving a post removal question of whether a nondiverse defendant should be joined under Section 1447(e)." *Id.* at 463. Accordingly, Plaintiff's Motion to Amend, ECF No. 24, is DENIED with leave to refile. Plaintiff is directed to file a Proposed Amended Complaint with her Motion to Amend, and the parties are directed to brief the issue of whether joinder is proper under Section 1447(e).[1]

### III. Motion to Strike

While the Court has some concern about the inflammatory language used in Plaintiff's Complaint, Rule 12(f) is clear that a Motion to Strike must be filed "before

---

[1] The Court finds that Plaintiff has not been dilatory in seeking an amendment; therefore, the parties need not address this factor. However, the parties should address the remaining factors set forth in *Mayes*.

responding to the pleading." Fed. R. Civ. P. 12(f). Here, Defendants filed an Answer to Plaintiff's Complaint at 4:13 PM on April 23, 2020. Thereafter, at 4:15 PM on April 23, 2020, Defendants filed their Motion to Strike. The Court acknowledges that there is some authority to support the simultaneous filing of a Motion to Strike and Answer. *See, e.g., Xerox Corp. v. Imatek, Inc.*, 220 F.R.D. 244 (D. Md. 2004) ("The Court finds that Xerox was within its right to file its Motion and answer ImaTek's Counterclaim on the same day in order to avoid protracted litigation." (citing 5A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, § 1380 (1986))). "Although this conclusion seems sound, it is both somewhat illogical and a technical violation of the requirement that the motion be made before pleading when a responsive pleading is required or permitted." 5C Arthur R. Miller, Mary Kay Kane & A. Benjamin Spencer, *Federal Practice & Procedure* § 1380 (3d ed.). "Under Rule 12(b) every objection to a pleading may be asserted in a responsive pleading." *Id.* (internal footnote omitted). "If the defects that may be attacked by a motion to strike are properly objected to in the answer, their consideration will require the same time and effort as they would have consumed if they were incorporated in a motion to strike." *Id.* On balance, the Court is constrained to comply with the plain language of Rule 12(f), and finds that Defendants' Motion to Strike is untimely. While the Court may strike matter from Plaintiff's Complaint on its own motion, the Court does not find the allegations to be so redundant, immaterial, impertinent, or scandalous as to justify that extraordinary measure at this time. Accordingly, Defendants' Motion to Strike, ECF No. 5, is DENIED with leave to refile as to Plaintiff's proposed Amended Complaint if warranted.

## **CONCLUSION**

For the foregoing reasons, Defendants' [5] Motion to Strike is **DENIED**; Plaintiff's [8] Motion to Remand is **DENIED**; and Plaintiff's [24] Motion to Amend is **DENIED with leave to refile.**

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

August 4, 2020<br>
Spartanburg, South Carolina